IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRESE A. PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | 4:15CV3146 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN GAGE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

The Court must conduct an initial review of petitioner Tyrese Phillips's Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether his claims are potentially cognizable in federal court. The only claim for relief Phillips presented in the petition is that he has inadequate access to his prison's law library. (Filing No. 1 at CM/ECF p. 17.)

Federal district courts have jurisdiction to entertain a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in behalf of a petitioner in custody pursuant to the judgment of state court only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). If a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, which also requires that the petitioner exhaust

the remedies available in the courts of the state.  *See* [28 U.S.C. § 2254(b)(1)(A)](#).

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  *See [Wolff v. McDonnell](#)*, [418 U.S. 539, 554 (1974)](#).

Phillips's claim that his access to the law library is inadequate is not cognizable in a habeas corpus action because it is a challenge to the conditions of his confinement.  It is not a challenge to the fact or duration of his confinement.  On the Court's own motion, Phillips will be given an opportunity to file an amended petition that specifies grounds for habeas corpus relief and states the facts supporting each ground.

IT IS ORDERED:

1.  Phillips is directed to file an amended petition for writ of habeas corpus within 30 days in accordance with this memorandum and order.  To avoid confusion, any document Phillips sends to the clerk of the court for filing in this case must clearly display the case number.  Failure to comply with this memorandum and order will result in dismissal of this matter without further notice.

2. The clerk of the court is directed to send to Phillips the Form AO241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: February 22, 2016: Check for amended petition.

DATED this 20th day of January, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court