IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRESE A. PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | 4:15CV3146 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN GAGE, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

Phillips has filed a motion pursuant to 28 U.S.C. § 2254. I will deny the motion because it is untimely and because Phillips cannot overcome the deference owed the Nebraska Supreme Court on Phillips' claim. Noting that Phillips has failed to respond to the brief of Respondent, I will resolve this matter expeditiously with a brief explanation.

First, Phillips did not file this federal action until roughly 527 days (*see*, *e.g.*, filing no. 15 at CM/ECF pp. 8-9.) had passed and which counted against him under the one-year statute of limitations. 28 U.S.C. § 2244(d). I also find no basis for equitable tolling. Indeed, his amended complaint conclusively establishes that his argument about the law library being inadequate--and thus a state created impediment to timely filing existed--is without merit. Moreover, "lack of access to legal resources does not typically merit equitable tolling." *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009).

Second, the Nebraska Supreme Court carefully considered and rejected Phillips' claim that a witness who was facing a charge as an accessory to the alleged murder committed by Phillips should have been compelled to testify even though the witness invoked his Constitutional right to avoid self-incrimination or that Phillips should have been allowed to use the fellow's hearsay statements made to the police. *See*

*State v. Phillips*, 840 N.W.2d 500, 510-516 (Neb. 2013). The Nebraska Supreme Court's decision is entitled to significant deference both legally and factually. 28 U.S.C. § 2254(d)(1)-(2) & (e)(1). Phillips has not attempted to overcome the deference due the Nebraska Supreme Court, and, upon independent review, I cannot find any basis for doing so either.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and I have determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1.  This case (filing no. 1; filing no. 6) is dismissed with prejudice and the court will not issue a certificate of appealability.

2.  I will enter judgment by a separate document.

DATED this 6th day of July, 2016.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        Senior United States District Judge